**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
500 James Robertson Parkway
Nashville, TN 37243-1131
PH - 615.532.5260, FX - 615.532.2788
Jerald.E.Gilbert@tn.gov

June 3, 2013

United States Liability Ins Company            Certified Mail
P O Box 6700                                   Return Receipt Requested
Wayne, PA 19087-8700                           7012 1010 0002 9225 3434
NAIC # 25895                                   Cashier # 9283

Re:   Doris Tharpe  V.  United States Liability Ins Company

      Docket # 13-CV-15

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served May 29, 2013, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Decatur County
    P O Box 488
    Decaturville, Tn 38329

## THE STATE OF TENNESSEE, DECATUR COUNTY
## CIRCUIT COURT

| | |
|---|---|
| **DORIS THARPE d/b/a OAK HILL CAFE,** | **SUMMONS IN A CIVIL ACTION** |
| Plaintiffs, | NO. 13-CV-45 |
| vs. | Address: |
| **UNITED STATES LIABILITY INSURANCE COMPANY,** | UNITED STATES LIABILITY INSURANCE COMPANY c/o Commissioner of Insurance |
| Defendants. | 500 James Roberson Parkway Nashville, TN 37243 **PLEASE SERVE THROUGH THE COMMISSIONER OF INSURANCE** |

FILED MAY 22 2013 10:22 AM
DANNY TANNER, CIRCUIT COURT CLERK
BY: DEPUTY CLERK

To the above named Defendant(s):

You are hereby summoned and required to answer, in writing, the Complaint which is herewith served upon you, and to serve a copy of same upon **J. Brandon McWherter, Gilbert Russell McWherter PLC,** who is Plaintiff's Attorney, whose address is **101 North Highland, Jackson, TN 38301**, within thirty (30) days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, a judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this ___22___ day of ___May___, 2013.

By: _____
Deputy Clerk

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 2013, I served this summons together with a copy of the complaint herein as follows: _____

_____
_____
_____

_____
Sheriff

_____
Deputy Sheriff

IN THE CIRCUIT COURT OF DECATUR COUNTY, TENNESSEE

DORIS THARPE d/b/a
OAK HILL CAFE,

    Plaintiff,

v.

UNITED STATES LIABILITY
INSURANCE COMPANY,

    Defendant.

CASE NO. 13-IV-15

FILED MAY 23 2013 10:31 AM
DANNY TANNER, CIRCUIT COURT CLERK
BY ___ DEPUTY CLERK

## COMPLAINT

COMES NOW the Plaintiff, Doris Tharpe d/b/a Oak Hill Café (hereinafter the "Insured"), by and through counsel, and respectfully submits the following Complaint against Untied States Liability Insurance Company:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Doris Tharpe is a resident of Perry County, Tennessee and owns and operates a bar/tavern known as Oak Hill Café located at 1877 Highway 412 West, Parsons, Decatur County, Tennessee 38363.

2. At all times relevant hereto, Plaintiff was the owner of the realty and improvements located at 1877 Highway 412 West, Parsons, Decatur County, Tennessee

3. At all times material hereto, United States Liability Insurance Company (hereinafter "U.S. Liability Co.") was a foreign corporation engaged in the insurance business in the State of Tennessee. U.S. Liability Co., at all times material hereto, was not admitted as an insurance company authorized to issue policies in the State of Tennessee accept as it may have

been allowed to issue policies pursuant to the Surplus Lines Act as codified by the Tennessee legislature at Tenn. Code Ann. § 56-14-101 *et seq.*

4. This Complaint originates as a result of a fire that completely and totally damaged or destroyed the improvements, contents and other property located at 877 Highway 412 West, Parsons, Tennessee (the "Insured Premises"), and U.S. Liability Co.'s unlawful attempt to deny Plaintiff's claim for insurance proceeds.

5. Jurisdiction and venue are proper in this Court.

## II.   FACTS

6. At all times relevant hereto, the Insured was a party to an insurance policy whereby U.S. Liability Co. agreed to insure the real property located at the Insured Premises against property damage, being Policy No. CF 1112111F (the "Policy").

7. At all times relevant hereto, the Insured Premises consisted of one building and surrounding area on which the Insured operated a bar/tavern known as Oak Hill Café.

8. The Policy provided insurance coverage for fire damage to the real property located on the Insured Premises.

9. The Declarations page of the Policy reveals that coverage was provided in the amount of $100,000.00 for the building.

10. Pursuant to the Policy, the Insured paid an annual premium to U.S. Liability Co. in exchange for insurance coverage. The Insured pay the required premiums at all times relevant to this Complaint.

11. On or about April, 7, 2012, a fire damaged the structure located on the Insured Premises, resulting in a total loss (the "Loss").

12. The Loss is a compensable claim under the terms of the Policy.

13. The Loss was promptly reported to U.S. Liability Co.

14. The Insured fulfilled all of her duties after the Loss that were imposed upon her by the Policy to the satisfaction of U.S. Liability Co.

15. Despite the fact that the Insured has fulfilled all duties imposed upon her by U.S. Liability Co. and the damage to the Insured Premises is the result of a covered cause of Loss, U.S. Liability Co. has wrongfully denied the Insured's claim for insurance proceeds, which U.S. Liability Co. did via letter dated October 23, 2012.

16. U.S. Liability Co.'s refusal to pay the Insured the amounts owed to her for the Loss is without justification.

17. U.S. Liability Co.'s refusal to pay the money and benefits due and owing the Insured under the Policy has caused the Insured to seek legal counsel and to initiate this litigation to recover the insurance proceeds to which she is entitled.

### III. CAUSES OF ACTION

**Count I – Breach of Contract**

18. The allegations contained in paragraphs 1-17 of this Complaint are incorporated herein by reference as if set forth verbatim. The Policy issued by U.S. Liability Co. is a binding contract, and is supported by valid consideration.

19. U.S. Liability Co. is in total, material breach of the Policy, and U.S. Liability Co. is liable to the Insured in the maximum amount allowed by the Policy for the Loss. Specifically, U.S. Liability Co.'s breach of contract includes the following without limitation:

> A. U.S. Liability Co.'s failure and refusal to pay the amounts owed to the Insured under the "Building" coverage afforded by the Policy.

B. U.S. Liability Co.'s failure and refusal to pay such other amounts to the Insured as is required by the Policy.

20. As a result of U.S. Liability Co.'s breach of contract, the Insured has sustained substantial compensable losses for the amounts claimed under the Policy, as well as money damages for economic losses, including, but not limited to, loss of income due to damage to the bar/tavern which the Insured has been unable to operate, and other numerous and incidental and consequential damages.

**Count II – Common Law Bad Faith**

21. The allegations contained in paragraphs 1-20 of this Complaint are incorporated by reference as if set forth verbatim herein.

22. The Insured alleges that U.S. Liability Co. is liable to her as a result of U.S. Liability Co.'s bad faith in the handling, and ultimate denial, of the Insured's claim resulting from the Loss.

23. U.S. Liability Co. issued a policy of insurance to the Insured and the Insured made a lawful, reasonable claim under the Policy.

24. U.S. Liability Co. intentionally refused to pay the Insured's claim.

25. U.S. Liability Co. had no reasonably legitimate or arguable reason for its refusal to pay the claim.

26. U.S. Liability Co. had actual knowledge of the absence of a reasonable, legitimate, debatable or arguable reason for the refusal to pay.

27. U.S. Liability Co. intentionally failed to determine whether it had a reasonably legitimate or arguable reason for refusing to pay the Insured's claim.

28. U.S. Liability Co. had a duty to act in good faith when handling the claims of its insureds, including the claim filed by the Insured as a result of the loss. The bad faith refusal to settle an insurance claim is a breach of that duty and imposes tort liability.

29. U.S. Liability Co. breached its duty to handle the Insured's claim in good faith, in that its denial of the Insured's claim was not predicated upon circumstances at first reasonable justification therefore.

30. U.S. Liability Co.'s bad faith is further evidenced by all facts and allegations set forth above in this Complaint together with the following:

    A. U.S. Liability Co.'s failure to fully inform the Insured of her rights and obligations under the Policy;

    B. U.S. Liability Co.'s failure to affirm or deny the Insured's claim within a reasonable period after the claim was submitted;

    C. U.S. Liability Co.'s failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of the Insured's claim when liability was reasonably clear;

    D. U.S. Liability Co.'s refusal to pay the Insured's claim without conducting a reasonable investigation based on all available information;

    E. U.S. Liability Co.'s refusal to fully investigate the Insured's claim and obtain all available information before denying her claim.

    F. U.S. Liability Co.'s engaging and acts and practices toward the Insured that amount to acts of baseness, vileness, and/or depravity that are contrary to the good faith duties owed to the Insured;

    G. U.S. Liability Co.'s failure to promptly provide the Insured with a reasonable and accurate explanation for the denial of her claim;

    H. U.S. Liability Co.'s reckless and/or grossly negligent failure to properly adjust the Insured's claim and to pay the Insured fully for her losses;

    I. U.S. Liability Co.'s failure to pay all amounts due and owing under the Policy with no reasonable or justifiable basis;

    J. U.S. Liability Co.'s unjustified refusal to pay the Insured's claim for its own financial preservation; and

    K. U.S. Liability Co.'s accusation that the Insured caused the fire that destroyed her bar/tavern when U.S. Liability Co. has no proof whatsoever that the fire was set by or at the direction of the Insured or that the Insured even had opportunity or motive to set the fire.

31. U.S. Liability Co.'s conduct was grossly negligent, oppressive, intentional, fraudulent, malicious, and/or reckless, therefore, justifying an award of punitive damages.

WHEREFORE, as a result of the foregoing, the Insured would respectfully request that this Honorable Court award a judgment against U.S. Liability Co. as follows:

    A. For compensatory damages not to exceed $150,000.00;

    B. For punitive damages not to exceed nine (9) times the Insured's compensatory damages, or $1,350,000;

    C. For all costs incurred by the Insured as a result of this action;

    D. For pre and post judgment interest; and

    E. For such other further and general relief as this Court deems just and equitable.

Respectfully submitted,

GILBERT RUSSELL McWHERTER PLC

_____
J. BRANDON McWHERTER #21600
CHAD A. NAFFZIGER #26880
*Attorneys for Plaintiff*
101 North Highland
Jackson, Tennessee 38301
(731) 664-1340
(731) 664-1540 (*Facsimile*)

## **COST BOND**

We stand as surety for the costs in this cause.

GILBERT RUSSELL McWHERTER PLC

_____

State of Tennessee
Dept. of Commerce & Insurance
Service of Process
500 James Robertson Parkway
Nashville, TN 37243

7012 1010 0002 9225 3434

7012 1010 0002 9225 3434    06/03/2013
UNITED STATES LIABILITY INS COMPANY
P O BOX 6700
WAYNE, PA 19087-8700

FIRST CLASS



